```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**CHRISTOPHER PIERCE,**

       **Petitioner,**

   **v.**            **CASE NO. 06-3005-SAC**

**CHARLES SIMMONS,**

       **Respondent.**


**O R D E R**

  This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254.  Petitioner, a prisoner at the El Dorado Correctional Facility, alleges that he is unlawfully incarcerated.  He claims that after Oklahoma authorities granted him parole, Kansas authorities returned him to this jurisdiction so that he would not be released.

  Because this action challenges not the validity of a conviction or sentence but the execution of a sentence, the court liberally construes this action as a petition filed pursuant to 28 U.S.C. § 2241.  See Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002)(contrasting § 2254 and § 2241).

  A petitioner seeking relief under § 2241 generally is required to exhaust state court remedies.  Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000).

Because it is unclear whether petitioner has sought relief in the Kansas state courts on his claim of unlawful detention, the court directs him to supplement the record on or before January 30, 2006, with a statement describing his use of state court remedies to resolve his claim that he is wrongfully incarcerated. Petitioner shall attach copies of any relevant judicial order entered in the state courts.

IT IS THEREFORE ORDERED petitioner is granted to and including January 30, 2006, to supplement the record as directed. The failure to file a timely response may result in the dismissal of this matter without additional prior notice to the petitioner.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED: This 11th day of January, 2006, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

2